IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GEORGE PERRY, JR.,** | Case No. 1:16 CV 812 |
| Plaintiff, | Chief Judge Solomon Oliver, Jr. |
| v. | Magistrate Judge James R. Knepp, II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | REPORT AND RECOMMENDATION |

Plaintiff, represented by counsel, filed a complaint against the Commissioner of Social Security on April 6, 2016. (Doc. 1). The Court issued an order on April 11, 2016, detailing the briefing schedule. (Doc. 7). In that schedule, Plaintiff had 30 days after Defendant filed an answer and transcript to file a brief on the merits. (Doc. 7). Defendant filed its answer and transcript on June 27, 2016. (Docs. 14, 15). On July 26, 2016, Plaintiff's counsel filed a motion for a 60 day extension of time, until September 27, 2016, due to: 1) "the extensive nature of the record"; 2) counsel's June hospitalization for a surgical procedure; and 3) administrative issues in his office. (Doc. 16). The Court granted the motion. (Non-document entry dated July 27, 2016).

On September 27, 2016, Plaintiff's counsel filed a second motion for extension of time for an additional 60 days—until November 28, 2016—to file a brief on the merits. (Doc. 18). He requested the additional time for three reasons: 1) "the extensive nature of the record"; 2) he was "preoccupied with other cases including the preparation of two briefs in other matters and depositions in advance of for [sic] a trial in October"; and 3) he had "other matters to deal with

in his office". (Doc. 18). The Court granted the motion in part, ordering Plaintiff to file a merits brief by October 28, 2016. (Non-document entry dated September 27, 2016).

Three days after that deadline, on October 31, 2016, Plaintiff's counsel filed a third motion for extension of time for 45 additional days, until December 15, 2016. (Doc. 19). He asserted he missed the deadline due to vision problems for which he would be undergoing surgery on November 7, 2016, and would be on medical leave for approximately one week after surgery, but was "unsure as to his visual acuity when he returns." (Doc. 19). The Court granted the motion in part, ordering Plaintiff to file a merits brief by December 1, 2016, and advised that no further extensions would be granted. (Non-document entry dated November 1, 2016).

On December 1, 2016, Plaintiff's counsel filed a fourth motion for extension of time, requesting "at least" an additional 30 days to file a merits brief. (Doc. 20). He asserted he was experiencing eyesight problems and difficulty concentrating following cataract surgery. He stated he would require further surgery and had an upcoming ophthalmology appointment on December 7, 2016. He stated he contacted opposing counsel, who consented to the request. The Court granted the motion in part, ordering Plaintiff to file his merits brief by December 15, 2016. (Non-document entry dated December 6, 2016).

To date, Plaintiff has not filed a brief on the merits. It has now been almost six months since Defendant filed the answer and transcript. While the Court is certainly sympathetic to counsel's ongoing health problems, he maintains an obligation to comply with Court orders. If he finds himself in a situation which he is unable to do so, he should take appropriate measures. Additionally, the Court notes that in the second motion for extension of time he did not mention any health problems.

Civil Rule 41(b) gives district courts authority to dismiss a case for plaintiff's failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). Accordingly, the undersigned recommends the case be dismissed for want of prosecution. *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962) (recognizing district courts have the inherent authority to *sua sponte* dismiss an action for lack of prosecution).

s/James R. Knepp II  
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).